IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE M. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JMS SCHIFFAHRISGESELLSCHAFT mbH & Co. KGMS "Auriga J", Haren/EMS, Owner, Manager and Operator of the MV MAERSK RAVENNA; A.P. MOLLER-MAERSK A/S, Charterer of the M/V MAERSK RAVENNA; The M/V MAERSK RAVENNA, *in personam* and the M/V MAERSK RAVENNA, her engines, boilers, tackle, apparel, appurtenances, etc., *in rem*. | ) ) ) ) ) ) ) ) ) ) ) CIVIL ACTION NO.  2010-353 |
| | ) |
| Defendants. | ) |

**ANSWER OF A.P MOLLER-MAERSK A/S**
**TO THIRD AMENDED COMPLAINT**

The Defendant A.P. MOLLER-MAERSK A/S, a Charterer of the M/V MAERSK RAVENNA ("Vessel") at relevant times herein ("Charterer" or "Moller"), and, for its response to the Third Amended Complaint of George M. Williams (hereinafter called "Williams" or "Plaintiff"), states as follows:

**A N S W E R**

**FIRST DEFENSE**

To the respectively numbered paragraphs of the Third Amended Complaint, the Charterer states as follows:

1. The Charterer is without sufficient information and belief to respond to the allegations of paragraph 1 of the Third Amended Complaint and, therefore, denies the same.

{665425.1}

2. The Charterer admits the allegations of paragraph 2 of the Third Amended Complaint as they pertain to the Charterer but is without sufficient information and belief to respond to the allegations as they pertain to the others and, therefore, denies the same. The Charterer admits that venue is proper in this Court, and denies the allegations as they pertain to this Court's jurisdiction over it.

3. The Charterer admits that this Court has jurisdiction of this action and the parties based on admiralty jurisdiction, 28 U.S.C. § 1333, but denies jurisdiction based on diversity of citizenship and amount in controversy, pursuant to 28 U.S.C. § 1332.

4. The Charterer denies jurisdiction based on ancillary and/or pendent jurisdiction for negligence claims.

## PARTIES

5. The Charterer is without sufficient information and belief to respond to the allegations of paragraph 6 of the Third Amended Complaint and, therefore, denies the same.

6. The Charterer is without sufficient information and belief to respond to the allegations of paragraph 6 of the Third Amended Complaint and, therefore, denies the same.

7. The Charterer admits that it was the charterer of the Vessel at all times relevant to this Third Amended Complaint.

## FACTS COMMON TO ALL CAUSES

8. The Charterer is without sufficient information and belief to respond to the allegations of paragraph 8 of the Third Amended Complaint and, therefore, denies the same.

9. The Charterer denies the allegations of paragraph 9 of the Third Amended Complaint as they apply to Charterer and is without sufficient information to admit or deny the allegations of paragraph 9 of the Third Amended Complaint with respect to the other Defendants and, therefore, denies same for lack of knowledge.

10. The Charterer admits the allegations of paragraph 10 of the Third Amended Complaint.

11. The Charterer admits the allegations of paragraph 11 of the Third Amended Complaint.

12. The Charterer is without sufficient information to admit or deny the allegations of paragraph 12 of the Third Amended Complaint and, therefore, denies same for lack of knowledge.

13. The Charterer is without sufficient information to admit or deny the allegations of paragraph 13 of the Third Amended Complaint and, therefore, denies same for lack of knowledge.

14. The Charterer is without sufficient information to admit or deny the allegations of paragraph 14 of the Third Amended Complaint and, therefore, denies same for lack of knowledge.

15. The Charterer is without sufficient information to admit or deny the allegations of paragraph 15 of the Third Amended Complaint and, therefore, denies same for lack of knowledge.

16. The Charterer is without sufficient information to admit or deny the allegations of paragraph 16 of the Third Amended Complaint and, therefore, denies same for lack of knowledge.

17. The Charterer is without sufficient information to admit or deny the allegations of paragraph 17 of the Third Amended Complaint and, therefore, denies same for lack of knowledge.

## COUNT ONE – 33 U.S.C. § 906 (b) – JMS

18.     The Charterer incorporates by reference its responses to paragraphs 1 through 17 of the Third Amended Complaint.

19.     The Charterer denies the allegations of paragraph 19 of the Third Amended Complaint as they relate to the Charterer.

20.     The Charterer denies the allegations of paragraph 20 of the Third Amended Complaint as they relate to the Charterer.

21.     The Charterer denies the allegations of paragraph 21 of the Third Amended Complaint as they relate to the Charterer.

22.     The Charterer denies the allegations of paragraph 22 of the Third Amended Complaint as they relate to the Charterer.

23.     The Charterer denies the allegations of paragraph 23 of the Third Amended Complaint as they relate to the Charterer.

24.     The Charterer denies the allegations of paragraph 24 of the Third Amended Complaint as they relate to the Charterer.

## COUNT TWO – 33 U.S.C. § 905 (b) – MOLLER

25.     The Charterer incorporates by reference its responses to paragraphs 1 through 24 of the Third Amended Complaint.

26.     The Charterer denies the allegations of paragraph 26 of the Third Amended Complaint.

27.     The Charterer denies the allegations of paragraph 27 of the Third Amended Complaint.

28.     The Charterer denies the allegations of paragraph 28 of the Third Amended Complaint.

29. The Charterer denies the allegations of paragraph 29 of the Third Amended Complaint.

30. The Charterer denies the allegations of paragraph 30 of the Third Amended Complaint.

31. The Charterer denies the allegations of paragraph 31 of the Third Amended Complaint.

## DAMAGES

32. The Charterer incorporates by reference its responses to paragraphs 1 through 31 of the Third Amended Complaint.

33. The Charterer denies the allegations of paragraph 33 of the Third Amended Complaint.

34. The Charterer denies the allegations of paragraph 34 of the Third Amended Complaint.

35. The Charterer denies the allegations of paragraph 35 of the Third Amended Complaint.

The Charterer further denies all allegations in the Plaintiff's Third Amended Complaint, including, but not limited to, the allegations in the Plaintiff's demand for damages, to the extent that they have not previously been admitted or denied.

## FIRST AFFIRMATIVE DEFENSE

The Charterer alleges that the injuries and damages complained of by the Plaintiff, if any, were directly and proximately caused, either wholly or in part, by the negligence of persons or entities other than the Charterer, and that such negligence is imputed to Plaintiff by reason of the relationship between Plaintiff and those other persons or entities, and comparatively reduces the proportion of negligence and corresponding liability of the Charterer.

## SECOND AFFIRMATIVE DEFENSE

The Charterer alleges that Plaintiff was negligent in and about the matters alleged in the Third Amended Complaint, and each cause of action therein, and that such negligence contributed directly and proximately to the alleged incident giving rise to the Third Amended Complaint and the damages alleged therein, and eliminates or comparatively reduces the proportion of negligence and corresponding liability of the Charterer.

## THIRD AFFIRMATIVE DEFENSE

The Charterer alleges that, at all material times, the Plaintiff was guilty of misconduct and knowing disobedience of duties, and, the Plaintiff has thereby waived or is barred from any recovery against the Charterer.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff assumed the risk, if any, which caused or contributed to his alleged injuries.

## FIFTH AFFIRMATIVE DEFENSE

The conditions complained of by Plaintiff in his Complaint were open and obvious, and, under the circumstances, Plaintiff intentionally and knowingly assumed the risk of said conditions which he could have and should have avoided. Accordingly, Plaintiff's claims against Defendant JMS are barred.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff's injuries or damages, if any, are the result of pre-existing medical and/or physical condition(s).

## EIGHTH AFFIRMATIVE DEFENSE

Defendant Charterer pleads the affirmative defense of last clear chance.

## NINTH AFFIRMATIVE DEFENSE

The Charterer alleges that Plaintiff was advised, informed, and warned of any potential hazards and/or dangers, if there were any, associated with the normal or foreseeable use, handling, and operation of the vessel's equipment, and is, therefore, barred from any relief prayed for.

## TENTH AFFIRMATIVE DEFENSE

The Charterer alleges that all equipment, products, and materials at issue here at all times were designed, manufactured, and installed in conformity with the existing scientific, industrial and technical knowledge, art and practice, and state-of-the-art.

## ELEVENTH AFFIRMATIVE DEFENSE

The Charterer alleges that any loss, injury, or damage incurred by Plaintiff was proximately and legally caused by the negligent or willful acts or omissions of parties which the Charterer neither controlled, nor had the right to control, and was not proximately caused by any acts, omissions, or other conduct of the Charterer.

## TWELFTH AFFIRMATIVE DEFENSE

The Charterer alleges that it exercised due care and diligence in all of the matters alleged in the Third Amended Complaint, and that no act or omission by the Charterer was the proximate cause of any damage, injury or loss to the Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Charterer cannot be liable under a Section 905(b) claim unless it exercised control over the vessel and committed negligent act(s) which contributed to the plaintiff's injury, none of which occurred in this instance.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Longshore and Harbor Worker's Compensation Act, 33 U.S.C. § 905(b), expressly provides in part, as follows: "In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person . . . may bring an action against such vessel. If such person was employed by the vessel to provide stevedoring services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing stevedoring services to the vessel." Accordingly, Plaintiff's action against the Charterer is not permitted and is barred.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Charterer asserts the provisions of the Longshore and Harbor Worker's Compensation Act, 33 U.S.C. § 905(b), which expressly states, as follows: "The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred. The remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this chapter." Accordingly, the action(s) alleged by Plaintiff in this Third Amended Complaint is (are) barred.

### SIXTEENTH AFFIRMATIVE DEFENSE

Reasonable care was exercised under the circumstances to turn over a reasonable safe vessel, equipment and workspace so that a reasonably competent stevedore could safely perform cargo operations. The Charterer was entitled under the law to presume that the stevedores and longshoremen, including Plaintiff, were reasonably expert and sophisticated in stevedoring work.

The conditions complained of by Plaintiff in his Complaint, if such conditions existed, were conditions which Plaintiff could and should have avoided as a reasonably expert and sophisticated stevedore or longshoreman.  Accordingly, Plaintiff's claims against the charterer are barred.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Charterer alleges that the Third Amended Complaint and each cause of action alleged therein are barred on the grounds that Plaintiff's employer or employers knowingly entered into and engaged in the operations, acts and conduct alleged in the Third Amended Complaint, and voluntarily and knowingly assumed all of the risks incident to said operations, acts and conduct at the time and place mentioned in the Third Amended Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Charterer alleges that, if the Plaintiff suffered any injuries attributable to any action or inaction by the Charterer, which allegations are expressly denied herein, the injuries were solely caused by an unforeseeable, independent intervening and/or superseding event beyond the control and unrelated to any conduct of the Charterer.  The Charterer's actions, if any, were superseded by the negligence and wrongful conduct of others.

### NINETEEENTH AFFIRMATIVE DEFENSE

The Charterer alleges that Plaintiff's Third Amended Complaint fails to state facts sufficient to support an award of punitive or exemplary damages against it.  The Third Amended Complaint, to the extent that it seeks exemplary or punitive damages, violates the Charterer's rights to procedural due process under the Fourteenth Amendment of the United States Constitution, and the Constitution of the State of Alabama, and fail to state a cause of action upon which either punitive or exemplary damages can be awarded.

**TWENTIETH AFFIRMATIVE DEFENSE**

The Charterer alleges that the Third Amended Complaint, to the extent that it seeks punitive or exemplary damages, violates its right to protection from excessive fines as provided in the Eighth Amendment of the United States Constitution, and violates its right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States and thus fails to state a cause of action supporting an award of punitive or exemplary damages.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

An award of punitive damages under Alabama law in this action would violate the due process and equal protection rights of the Charterer pursuant to Amendment XIV of the Constitution of the United States.  To the extent that the Plaintiff alleges punitive damages are applicable, Alabama's laws regarding punitive damages are not reasonably related to any legitimate governmental purpose nor narrowly tailored to effectuate their purpose.  Said laws do not provide defendants with sufficient notice of (a) the type of conduct that may result in an award of punitive damages or (b) the amount of punitive damages that might be awarded as a result of articulate types of conduct.  Instructions given to jurors and/or considered by the court, regarding punitive damages provide no meaningful limitation on the amount of damages that may be awarded and no constraint on the jury's award.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

The causes of action asserted herein by the Plaintiff fail to state facts sufficient to constitute a cause of action if the Plaintiff has asserted claims for punitive damages which, if granted, would violate the prohibition against laws impairing the obligation of contracts set forth in Article I, Section 10, of the United States Constitution.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Third Amended Complaint fails to state a claim against the Charterer upon which relief can be granted.

                                             s/David C. Hannan
                                             David C. Hannan, Esq.    HANND6092
                                             Thomas S. Rue, Esq.     RUTTH8241
                                             Matthew J. Bauer, Esq.  BAUEM2774
                                             *Attorneys for Defendant A.P. Moller-Maersk A/S*
                                             Post Office Box 1988
                                             Mobile, Alabama 36633
                                             Telephone (251) 432-7682
                                             Facsimile (251) 432-0712

OF COUNSEL:

JOHNSTONE, ADAMS, BAILEY, GORDON & HARRIS, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that this 18th day of January, 2011 I have electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, and request the Court to serve the same electronically on the following counsel:

Michael G. Huey, Esq.
Dwain C. Denniston, Jr., Esq.
Post Office Box 1806
Mobile, Alabama  36602
*Attorneys for the Plaintiff*

Hodge J. Alves, III, Esq.
Hand Arendall, L.L.P.
P. O. Box 123
Mobile, Alabama  26601
*Attorney for Defendant JMS*

                                             s/David C. Hannan